TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-12-00159-CV






K. M.-J., Appellant


v.


Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT

NO. 246,338-B, HONORABLE RICK MORRIS, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 K.M.-J. filed a notice of appeal from the decree terminating her parental
rights to five children. Her appointed attorney has filed an Anders-style brief stating that, after
conscientiously examining the record, he found no argument that could possibly persuade the court
to reverse or modify the judgment. See Anders v. California, 386 U.S. 738, 744 (1967); Taylor
v. Texas Dep't of Protective & Regulatory Servs., 160 S.W.3d 641, 646 (Tex. App.--Austin 2005,
pet. denied). Appellant's attorney has concluded that this appeal is frivolous, and he seeks to
withdraw as her counsel. The Texas Department of Family and Protective Services filed a brief
concurring with appellant's attorney's determination that this appeal is frivolous. Appellant has not
filed a pro se brief challenging the assessment that this appeal is frivolous or her attorney's motion
to withdraw. After reviewing the record, we find that the appeal is frivolous and will affirm the
decree of termination. We will grant the attorney's motion to withdraw as counsel.

 A trial court can involuntarily terminate a parent-child relationship only if clear
and convincing evidence shows (1) that the parent has committed an act or omission statutorily
deemed to warrant termination, and (2) that termination of the relationship is in the child's
best interest. Tex. Civ. Prac. & Rem. Code Ann. § 161.001 (West Supp. 2011). Under the charge
presented at trial, the jury found by clear and convincing evidence at least one of three statutory
grounds warranting termination and that termination of appellant's parental rights was in the
children's best interest. See id. The cited grounds for termination are:


 (D) knowingly placed or knowingly allowed the child to remain in conditions
or surroundings which endanger the physical or emotional well-being of the
child;

 

 (E) engaged in conduct or knowingly placed the child with persons who
engaged in conduct which endangers the physical or emotional well-being of
the child;

 

 . . . .

 

 (O) failed to comply with the provisions of a court order that specifically
established the actions necessary for the parent to obtain the return of the
child who has been in the permanent or temporary managing conservatorship
of the Department of Family and Protective Services for not less than nine
months as a result of the child's removal from the parent under Chapter 262
for the abuse or neglect of the child; . . . .

 

Id. To "endanger" means to expose the child to loss, injury, or danger. In re M.C., 917 S.W.2d 268,
269 (Tex. 1996). The best interests of the children are assessed on an array of factors, including
those described by the Texas Supreme Court in Holley v. Adams, 544 S.W.2d 367, 371-72
(Tex. 1976). (1) The jury answered "yes" to a single question regarding whether K.M.-J.'s parental
rights to all five children should be terminated.

 The record included testimony from K.M.-J. as well as Department employees. The
testimony of the Department employees relayed reports from the children and others. The evidence
showed that the Department became involved with K.M.-J.'s children several times over the decade
leading up to their removal from her care. Department employees testified that two of the children
reported that K.M.-J. struck one child in the face with a stick, causing a four-inch scar. K.M.-J.
testified that the scarred child was struck by the child's brother. There is testimony that K.M.-J. and
her children lived with a family whose children sexually abused one of her children. After the
father of that family had sex with his daughter, K.M.-J. told him to move out--even though he was
paying for the apartment. Though K.M.-J. testified that she did not allow him to see her children,
there was testimony that her children testified that the man visited the apartment in the evenings
while she was working. There was also a report that she did not like the next-to-youngest child
(who was, according to K.M.-J., the product of a spousal rape), and tried to sell the child to an
older sibling. K.M-J. denied disliking the child or offering her for sale. During the course of the
Department's involvement with the family, K.M.-J. moved several times among motels, other
residences, a shelter, and friends' homes. She did not keep the Department apprised of her moves,
and not once during the year-long case did she allow a Department employee to see the inside of her
living quarters. She participated in some services, including a psychological evaluation, therapy, and
supervised visits. But Department employees testified that she did not consistently show appropriate
parenting skills during the visits, show the ability to meet the children's basic needs, contact the
caseworker as scheduled, pay $200 child support, or provide a safe and appropriate home. K.M.-J.
disputed some of this testimony, but the jury was empowered to choose what and whom to believe.
In re K.C., 219 S.W.3d 924, 931 (Tex. App.--Dallas 2007, no pet.) (citing Golden Eagle Archery,
Inc. v. Jackson, 116 S.W.3d 757, 761 (Tex. 2003)).

 Based on our review of the record, we conclude that this appeal is frivolous. We
affirm the termination of K.M-J.'s parental rights to the five children listed in the trial-court decree.
We grant appellant's appointed counsel's motion to withdraw as counsel.



 

 Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: June 27, 2012
1. The best-interest factors gleaned from Holley v. Adams are: (1) the child's desires, (2) the
emotional and physical needs of the child now and in the future, (3) the emotional and physical
danger to the child now and in the future, (4) the parental abilities of the persons seeking custody,
(5) programs available to assist these individuals to promote the best interest of the child, (6) the
plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home
or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing
parent-child relationship is not a proper one, and (9) any excuse for the parent's acts or omissions.
The Holley factors are not exhaustive, and there is no requirement that all factors be proved as a
condition precedent to parental termination. In re C.H., 89 S.W.3d 17, 27 (Tex. 2002).